1  ANNA Y. PARK, SBN 164242
2  ELIZABETH ESPARZA-CERVANTES, SBN 205412
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
4  255 East Temple Street, 4th Floor
   Los Angeles, CA 90012
5  Telephone:  (213) 894-1068
6  Fascimile: (213) 894-1301
   E-Mail: lado.legal@EEOC.gov
7

8  Attorneys for Petitioner
9  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
10

11              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF CALIFORNIA**
12

13  U.S. EQUAL EMPLOYMENT              )  Case No.  1:08-cv-01902-LJO-SMS
14  OPPORTUNITY COMMISSION,           )
                                       )
15                                     )
                     Petitioner,       )   **ORDER RE: ENFORCMENT OF**
16                                     )  **EEOC SUBPOENAS**
        v.                             )
17                                     )
                                       )
18  DEPARTMENT OF                      )
19  DEVELOPMENTAL SERVICES,           )
    CYNTHIA COPPAGE and LANE          )
20  OWYANG.                            )
                                       )
21                                     )
                                       )
22              Respondents.           )
    _____)

23       This matter came before the Court upon Respondent Department of

24  Developmental Services' (hereafter "DDS") request for a protective order

25  regarding certain information to which this Court previously determined the EEOC

26  is entitled.  Upon due consideration, this Court holds that Respondent DDS'

27  request for protective order regarding that information is DENIED in its entirety.

28  ///

                                   1

PDF created with pdfFactory trial version www.pdffactory.com

1  I.   **Background**

2      The Equal Employment Opportunity Commission (hereafter "EEOC") is the

3  federal agency charged with the investigation of administrative charges of

4  employment discrimination brought before it.  In this matter, the EEOC initially

5  received administrative charges of discrimination by two peace officers employed

6  by DDS of sexual and/or racial harassment and retaliation.  To investigate these

7  charges, the EEOC subpoenaed two of Respondent DDS' employees, Respondents

8  Cynthia Coppage and Lane Owyang, to discuss their knowledge of Respondent

9  DDS' investigation of the complaints of sexual and/or racial harassment at issue.

10  The subpoenas were properly issued.  They were within the agency's authority and

11  complied with procedural requirements for such subpoenas.  The subpoenas sought

12  information from witnesses who investigated complaints of discrimination and

13  who could provide information about Respondent's implementation of its policies

14  and procedures regarding the employment discrimination complaints.

15      Once at the subpoenaed interviews, even though DDS' counsel did not

16  legally represent the witnesses, she insisted on being present during the interviews.

17  She objected to any questioning based on California privacy laws relating to peace

18  officers, and instructed the witnesses not to answer questions.  The parties present

19  differing accounts of what happened next.  They, however, agree that during said

20  interviews it was mentioned that violation of the California privacy laws relating to

21  peace officers could warrant criminal prosecution.  The interviews ended

22  prematurely.

23      The EEOC, thereafter, filed an Application for an Order to Show Cause why

24  certain subpoenas *ad testificum* should not be enforced.  Subpoena Nos. 08-09 to

25  08-10 were served on Respondents pursuant to Section 710 of Title VII of the Civil

26  Rights Act of 1964, as amended, 42 U.S.C. § 2000e-9 on or about April 16, 2008

27  and April 17, 2008, respectively, in the investigation of Charge Nos. 485-2007-

28  00565, 485-2007-00558 and 485-2008-00016.

[Proposed] Order re: Subpoena Enforcement
*EEOC v. Coppage, Owyang, and DDS*

PDF created with pdfFactory trial version www.pdffactory.com

The Court granted said application ordering a briefing schedule and a hearing to Show Cause Why Subpoenas Should Not be Enforced.  After considering the parties' respective briefs and oral argument, the Court ordered enforcement of the subpoenas.  Specifically, as to the EEOC's request that the subpoenas be enforced, the Court ordered:

1.    Respondent Department of Developmental Services (hereafter "DDS") and its counsel not to interfere with the EEOC's investigation of the charges underlying the present action and any claims related to the charges;

2.    Respondent DDS and its counsel not to interfere, threaten or cause criminal prosecution of any witness who cooperates with the EEOC;

3.    Respondent DDS and its counsel not to be present at any EEOC interviews of witnesses not represented by DDS, including those of Respondents Owyang and Coppage; and

4.    Respondents Owyang and Coppage to appear in the EEOC's Fresno office, cooperate with the EEOC and complete their subpoenaed testimony.

The Court further ordered the parties to brief the issue of the appropriateness of a protective order in EEOC investigations.  After said briefing the Court issued a minute order, finding that FOR GOOD CAUSE SHOWN, no protective order shall issue.

## II.    Protective Order

As to Respondent DDS' request for a protective order, this Court finds that Supreme Court authority in both *EEOC v. Associated Dry Goods, Corp.*, 449 U.S. 590, 600-601 (1981) and *EEOC v. University of Pennsylvania*, 493 U.S. 182, 192 (1990) dictate against a protective order.  In said cases, the Supreme Court addressed and rejected situations where, similar to DDS, respondents refused to provide subpoenaed information absent a protective order protecting private

[Proposed] Order re: Subpoena Enforcement
*EEOC v. Coppage, Owyang, and DDS*

PDF created with pdfFactory trial version www.pdffactory.com

1   information.[1]  In both cases, the Supreme Court rejected the privacy arguments and

2   corresponding protective order requests because, "[A]n employer has no

3   categorical right to refuse to comply with an EEOC subpoena unless the EEOC

4   first assures the employer that information supplied will be held in absolute

5   secrecy."  *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885, 892 (E.D. Wis. 1999)

6   (citing *Associated Dry Goods*, 449 U.S. at 604, *University of Pennsylvania*, 493

7   U.S. at 192, *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 312 (7th Cir. 1981)).

8       In both *Associated Dry Goods* and *University of Pennsylvania*, after analyzing

9   the EEOC's comprehensive investigatory scheme and its confidentiality

10  protections applicable to disclosures to Charging Party, the Supreme Court

11  determined that Congress adequately addressed privacy negating the need for a

12  protective order.  *See*, *Associated Dry Goods*, 449 U.S. at 825; *University*

13  *Pennsylvania*, 493 U.S. at 192-193.  Presently, DDS has similarly always refused

14  to produce the information absent a Court order and now asks for a protective

15  order and that all documents be returned to DDS at the conclusion of the EEOC's

16  investigation.  This request is broader than that rejected by the Supreme Court.

17  Respondent's argument is further weakened by the fact that the Supreme Court and

18  "Congress apparently considered the issue of confidentiality and it provided a

19  modicum of protection.  [DDS] urges [the Court ] to go further than Congress [and

20  the Supreme Court] thought necessary."  *Univ. of Penn.* 493 U.S. at 192.

21     **1.  Cases Addressing Police Officer Privacy Have Found Against Protective**

22         **Orders**

23      More instructive in this matter are cases that have dealt with state statutory

24  protections of peace officer information.  In each, the Court ordered subpoena

25  compliance and rejected the protective order finding that the Title VII provides

26

27  [1]  It should be noted that Respondent's position goes further than those rejected in

28  Associated Dry Goods and University of Pennsylvania as it seeks that the EEOC
    return all documents at the end of its investigation.

[Proposed] Order re: Subpoena Enforcement
*EEOC v. Coppage, Owyang, and DDS*

PDF created with pdfFactory trial version www.pdffactory.com

sufficient protection. *See EEOC v. County of San Benito*, 818 F.Supp. 289, 292 (N.D. Cal 1993) (rejected protective order for police officer records despite Respondent's assertion of the California peace officer's bill of rights). *EEOC v. County of Hennepin*, 623 F.Supp. 29, 33 (D.C. Minn. 1985) (rejected protective order for sixteen police officers' records despite Respondent's assertion of Minnesota law similar to California's peace officer bill of rights). In fact, *County of San Benito* and *Hennepin* went further to find that the state law frustrates the federal scheme embodied in Title VII, warranting federal preemption of the state law prohibiting disclosure of personnel information regarding peace officers. *County of San Benito* at 291; *Hennepin* at 33. Any protective order would impede the EEOC's compliance with disclosure requirements. *Hennepin* at 33.

Exactly as in the present matter, in *EEOC v. County of San Benito*, the EEOC sought enforcement of three subpoenas which respondent failed to comply with by citing to the peace officer's bill of rights. After validating respondent's concern for the potential invasion of a sergeant's privacy interests through unauthorized release of information, the court rejected a protective order request reasoning that Title VII affords the sergeant sufficient protection. *Id* at 291-291. This Court will do no less.

**C.    As Section 83 Disclosures Follow the Disclosure Exemptions of The Freedom of Information Act, Privacy is Appropriately Protected**

The EEOC disclosure scheme provides all the protection needed to prevent unwarranted disclosure while permitting investigation. In fact, even when disclosure is not pursuant to the Freedom of Information Act ("FOIA") but pursuant to Section 83 of the EEOC's compliance manual, FOIA's confidentiality safeguards outlined in the EEOC 3/3/09 Memo at 6:12-8:20 are followed. *EEOC v. City of Milwaukee,* 54 F. Supp. 2d at 894 (showing EEOC practice to withhold documents prohibited from disclosure under FOIA when responding to a Section 83 request). This includes the EEOC's adherence to FOIA Section 552 (b) (6)'s

[Proposed] Order re: Subpoena Enforcement
*EEOC v. Coppage, Owyang, and DDS*

PDF created with pdfFactory trial version www.pdffactory.com

protection against disclosure of the employee contact information that DDS incorrectly believes would be disclosed to Charging Party during a Section 83 of FOIA disclosure.  The EEOC would redact the contact information for said persons from documents.

Respondent's reliance on *Sakamoto v. United States Environmental Protection Agency*, 443 F. Supp. 2d 1182 (N.D. Cal. 2006) is, thus, misplaced.  *Sakamoto's* balancing approach is not applicable in Title VII because of FOIA's confidentiality protections through the disclosure exemptions.  Thus, the disclosure of private contact information that DDS expressed concern over would not occur in EEOC document disclosures further negating the need for protective order on this matter.

FOR GOOD CAUSE SHOWN, Respondent's request for a protective order is denied.


Date:   June 19, 2009            /s/ Sandra M. Snyder
                                 HONORABLE SANDRA M. SNYDER
                                 UNITED STATES MAGISTRATE JUDGE


Dated: June 18, 2008        Respectfully submitted,


                            EQUAL EMPLOYMENT OPPORTUNITY
                            COMMISSION
                            Anna Y. Park, Regional Attorney
                            Elizabeth Esparza-Cervantes, Trial Attorney

                            By:    /s/ Elizabeth Esparza-Cervanrtes
                                  ELIZABETH ESPARZA-CERVANTES
                            Attorneys for Petitioner U.S. Equal Employment
                            Opportunity Commission

[Proposed] Order re: Subpoena Enforcement
*EEOC v. Coppage, Owyang, and DDS*

PDF created with pdfFactory trial version www.pdffactory.com